UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br>HUY YING CHEN,<br><br>　　　　Plaintiff/Appellant,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., f/k/a The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates of Series 2005-RP3.,<br><br>　　　　Defendants/Appellee<br><br>JASON WILSON-AGUILAR, Chapter 13 Trustee, et al,<br><br>　　　　Appellee | Case No. 2:22-cv-01231-RSM<br><br>ORDER DISMISSING APPEAL AND AFFIRMING THE BANKRUPTCY COURT'S ORDERS |

## I.   INTRODUCTION

This matter comes before the Court on Appellant, appearing *pro se*, Huy Ying Chen's Opening Brief and Reply Brief[1] (Dkt. Nos. 12 and 19), and Appellees The Bank of New York

---

[1] Dkts. Nos. 20 and 21 are duplicates of Appellant's Reply Brief (Dkt. 19).

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 1

Mellon Trust Company, N.A. k/a The Bank of New York Trust Company, N.A., as Successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates of Series 2005-RP3., ("The Bank") and Jason Wilson-Aguilar ("Trustee")'s Brief by Trustee and Brief by The Bank of New York Mellon Trust Company NA (Dkt. Nos. 14 and 15). Having considered the briefs and exhibits submitted by the parties, the Court AFFIRMS the decision of the bankruptcy court dismissing Mr. Chen's Chapter 13 Case with a two-year bar.

## II.     BACKGROUND

### A. The Loan, Default, and Foreclosure Judgment.

In February 1999, Washington Mutual Bank loaned Mr. Chen $525,000, secured by a deed of trust filed against the subject Property as instrument 9902091524 on February 9, 1999.

On May 10, 2006, The Bank, as successor to Washington Mutual, initiated a judicial foreclosure action in response to missed payments on the loan. On March 19, 2007, Mr. Chen filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Western District of Washington. On April 13, 2007, Mr. Chen removed the judicial foreclosure action to the Bankruptcy Court as an adversary proceeding. On November 29, 2007, the Bankruptcy Court granted The Bank's Motion for Summary Judgment and ordered a foreclosure sale to proceed in satisfaction of the $647,478.68 debt Mr. Chen owed to The Bank at the time.

On or about December 10, 2007, Mr. Chen filed a Notice of Appeal in Bankruptcy Court to challenge the Judgment and Decree of Foreclosure. On March 24, 2008, this Court denied Mr. Chen's request for a stay of The Bank's foreclosure during appeal.

On or about May 22, 2008, The Bank filed its foreign judgment (the "Foreclosure Judgment)" in the King County Superior Court under Case No. 08-2-13281-1 SEA. On August

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 2

13, 2008, the Bankruptcy Court dismissed Mr. Chen's Chapter 11 bankruptcy petition and barred him from filing a new bankruptcy case for 180 days. On or about September 24, 2008, Mr. Chen's appeal was dismissed. On or about October 2, 2008, The Bank obtained a Writ for Order of Sale to foreclose on the subject Property. On or about January 2, 2009, the King County Sheriff returned the Writ because the scheduled sale did not occur.

B. **Mr. Chen Files Suit Against The Bank in *Chen I*.**

On September 28, 2011, Mr. Chen filed suit against The Bank under King County Superior Court cause no. 11-2-33383-3 SEA ("*Chen I*"). On February 3, 2012, King County Superior Court granted a dismissal with prejudice of Mr. Chen's suit.

C. **Sherriff's Sale Occurs**

On or about October 20, 2016, a new Order of Sale was issued in King County Superior Court. On or about October 20, 2016, the King County Sheriff's Office was instructed to proceed with sale of the Property and provide the requisite statutory notices. On October 24, 2016, a Sheriff's Levy on Real Property was recorded with the King County Auditor. On or about December 12, 2016, Mr. Chen filed a "Motion to Dismiss a Wrongful Judicial Foreclosure" in King County Superior Court under the 2008 cause number. Mr. Chen also submitted an "Affidavit… in Support of Ex Parte Motion for an Order Shortening Time," dated December 5, 2016, and referencing his address in Redmond, WA. On December 15, 2016, King County Superior Court denied Mr. Chen's motion, permitting the sheriff's sale to proceed in satisfaction of the underlying judgment.

On December 16, 2016, the sheriff's sale occurred. On December 23, 2016, a Notice of Return of Sheriff's Sale on Real Property was filed with King County Superior Court. *Id*. On January 12, 2017, Mr. Chen filed an Objection to Confirmation of the Sheriff's Sale. On

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 3

February 10, 2017, after reviewing the parties' briefing, the Hon. Beth Andrus overruled Debtor's objections.

After the Superior Court denied reconsideration, Mr. Chen appealed to the Washington Court of Appeals, Division One. On February 14, 2018, the Superior Court granted a motion to confirm the sheriff's sale in favor of The Bank of New York Mellon (as successor to Chase). On October 8, 2018, the Washington Court of Appeals affirmed the Superior Court in an unpublished opinion. On April 3, 2019, the Washington Supreme Court denied Mr. Chen's request for review.

### D.  Mr. Chen Files Lawsuit Challenging the Foreclosure in *Chen II*.

Mr. Chen filed a new lawsuit in the United States District Court, Western District of Washington, cause 18-cv-01269 MAT ("*Chen II*"). On April 17, 2019, the Court presided over by the Honorable Robert S. Lasnik entered an order granting Defendants' Motions and dismissed *Chen II*. On May 24, 2019, the Court denied Mr. Chen's Motion for Reconsideration.

### E.  Mr. Chen Files a Lawsuit Against the Same Defendants in *Chen III*.

On June 5, 2019, Mr. Chen filed a new lawsuit in King County Superior Court under cause no. 19-2-15034-3 SEA ("*Chen III*"). On October 2, 2019, the Hon. Annette Messitt granted a Motion to Dismiss for Failure to State a Claim filed by The Bank. On October 16, the same Court denied Mr. Chen's Motion for Reconsideration of the order dismissing the Trust.

A short time later, Mr. Chen filed a Notice of Appeal to the Washington Court of Appeals, Division I under cause no 80750-1-I. On July 15, 2021, the Court of Appeals filed a Certificate of Finality with the trial court under cause no. 19-2-15034-3 SEA, memorializing its denial of Mr. Chen's petition for discretionary review of the Order dismissing the Trust. Further, on October 15, 2021, the Court of Appeals filed a Mandate under cause no. 19-2- 15034-3,

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 4

certifying its prior unpublished opinion of March 1, 2021, terminating review of *Chen III* and noting that a corresponding Order denying petition for review was entered in the Supreme Court on October 6, 2021.

### F.  Mr. Chen Files an Emergency Motion to Stay Proceedings

On February 14, 2018, King County Superior Court Judge Mariane Spearman found that the Trust is the owner of the Property and entered an Order Granting The Bank's Motion to Confirm the Sheriff's Sale. After Mr. Chen's collateral litigation was dismissed with prejudice against Mr. Chen as well as his appeal regarding same was dismissed, The Bank moved to re-issue the Writ.

On December 3, 2021, The Bank moved for and was granted entry of an Amended Judgment of Unlawful Detainer and obtained an Order Granting Writ of Restitution. The Writ was subsequently issued by King County Superior Court's Presiding Judge Patrick H. Oishi on March 24, 2022, and was thereafter processed by the King County Sheriff and an eviction notice was posted on the premises of the Property stating that its occupants would be evicted any time after April 4, 2022.

On April 5, 2022, Mr. Chen filed an Emergency Motion to Stay Proceedings or Quash the Writ, which was denied by King County Superior Court Commissioner Henry Judson with prejudice.

### G.  Mr. Chen Files a Chapter 13 Bankruptcy Petition for the Underlying Case

Mr. Chen filed his Chapter 13 bankruptcy case on April 14, 2022. The Confirmation hearing was set by the Court for June 23, 2022. Mr. Chen filed a Chapter 13 Plan on May 16, 2022. The Chapter 13 Trustee filed an Objection to Confirmation on June 16, 2022. The Trustee also filed a Motion to Dismiss Case on June 16, 2022. The Chapter 13 Trustee's Motion to

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 5

Dismiss Case was noted on the Court's July 21, 2022, calendar. The Chapter 13 Trustee's Motion to Dismiss Case was served on June 20, 2022.

On June 21, 2022, creditor The Bank filed a Motion for Relief from the Automatic Stay. The creditor's Motion was noted for the Court's July 14, 2022, calendar. On July 14, 2022, the Court granted The Bank's Motion for Relief from the Automatic Stay. The Court entered an Order Denying Confirmation of the Mr. Chen's Chapter 13 Plan on June 24, 2022.

On July 14, 2022, Mr. Chen filed a Response to the Chapter 13 Trustee's Motion to Dismiss Case. On July 21, 2022, the Court entered an Order continuing the hearing on the Chapter 13 Trustee's Motion to Dismiss Case to the Court's August 18, 2022, calendar and setting a deadline of August 11, 2022, for Mr. Chen to file an additional response addressing whether the case should be dismissed with a two-year bar to re-filing any bankruptcy case.

On August 11, 2022, Mr. Chen filed a Response addressing whether his case should be dismissed with a two-year bar to re-filing any bankruptcy case. On August 19, 2022, the Court entered an Order dismissing Mr. Chen's case and barring him from filing any bankruptcy case for two years. On August 22, 2022, Mr. Chen filed a Motion to Reconsider the Bankruptcy Court's Order dismissing his case. On August 24, 2022, the Court entered an Order denying Mr. Chen's Motion to Reconsider. Mr. Chen is now appealing the Bankruptcy Court's Judgment before this Court.

### III. LEGAL STANDARD

This Court may review the bankruptcy court's decision. 9 U.S.C. § 16(a)(1)(A)–(B); 28 U.S.C. § 158(a)(1). The standard of review is "clear error" and "abuse of discretion." *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999). Whether the bankruptcy court applied the correct legal standard is reviewed *de novo. United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir.

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 6

2009) (en banc). Discretion is abused when a Court applies the incorrect legal rule, or where the Court's application of the law was illogical, implausible, or without support of inferences from the record. *Ahanchian v. Xenon Pictures, Inv,* 624 F. 3d 1247, 1262. This Court also reviews the bankruptcy court's finding of bad faith for clear error. *In re Eisen*, 14 F.3d 469, 470 (9th Cir.1994).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 at 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

### IV.   ANALYSIS

**A.   The Court Did Not Commit Clear Error or Abuse Its Discretion in Finding that Mr. Chen's Plan was filed in Bad Faith**

Upon motion of an interested party, a petitioner's Chapter 13 bankruptcy case can be dismissed for cause. 11 U.S.C. § 1307(c). A "bad faith" filing is sufficient to dismiss for cause. *Leavitt*, 171 F.3d at 1224. Bad faith is determined based upon the "totality of the circumstances." *In re Tucker*, 989 F.2d 328, 330 (9th Cir. 1993). Relevant factors when determining bad faith filing, as enumerated in *Leavitt*, include: (1) Misrepresentation of facts in the debtor's petition or plan; (2) The debtor's history of filing bankruptcy actions; (3) Whether the debtor filed to defeat State Court litigation; and (4) Whether the debtor has behaved egregiously. 71 F.3d at 122.

In his Opening Brief, Mr. Chen does not assert that the Bankruptcy Court committed clear error or abuse of its discretion in dismissing his case with a two-year bar from filing any

bankruptcy cause of action.² However, the Appellees argue that the Court had cause to dismiss Mr. Chen's case because Mr. Chen failed to file a plan as ordered by the Court in its Order Denying Confirmation. This Court agrees with the Appellees.

Regarding the two-year bar to re-filing, the Appellees assert that the Court did not commit clear error or abuse its discretion in finding that Mr. Chen's case was filed in bad faith under the *Leavitt* factors. The record leaves no doubt Mr. Chen filed his petition in bad faith. Mr. Chen has a history of bankruptcy filings including a previous six-month bar. Furthermore, Mr. Chen has made numerous civil filings all relating to the issues he presented in his Chapter 13 bankruptcy case, in each of which the Court found against Mr. Chen. Upon considering the facts of Mr. Chen's case, the bankruptcy judge properly dismissed the petition with a two-year bar under 11 U.S.C. § 1307(c).

**B.    The Court Properly Granted Appellee's Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d).**

Under the Bankruptcy Code, when a debtor files his petition for bankruptcy, he receives the benefit of an automatic stay that is imposed on his creditors, preventing them from proceeding to collect on their claims. 11 U.S.C. § 362(a). Upon request of a party in interest after notice and a hearing, the court shall grant relief from stay for cause. 11 U.S.C. § 362(d). A petition filed in bad faith provides sufficient cause for dismissal. *In re Arnold*, 806 F.2d 937 (9th Cir.1986).

---

² Mr. Chen argues that Appellees are "nonexistent entities [and thus] have no stand[ing] to sue." Dkt. #12 at 7. The Trust and Trustee correctly point out that Mr. Chen has not provided any evidence supporting the assertion that they are non-existent entities, and anyway Mr. Chen raised similar arguments to no avail at both the trial and appellate levels numerous times. Therefore, the Court does not address Mr. Chen's standing argument.

ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER - 8

The Bank argues that the Court properly granted their Motion for relief from stay because the record amply supports a finding of bad faith. This Court agrees. Since 2004, Mr. Chen has petitioned for bankruptcy protection four separate times, all of which were unsuccessful. In the meantime, The Bank was unlawfully excluded from possession of property it legitimately owned as a matter of law, for a period greater than 15 years. Accordingly, this Court agrees that good cause supported the Court's Order confirming that The Bank was relieved from the automatic stay in order to take possession of the Property.

## V.   CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the Bankruptcy Court's Order is AFFIRMED.

DATED this 31st day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE